IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD J. LEWIS,

    Plaintiff,                          No. CIV S-05-0831 GEB JFM P

    vs.

M. PEREZ, et al.,

    Defendants.                    ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has paid the appropriate filing fee. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an

1

indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Plaintiff has filed a complaint which states that he was convicted of First Degree Murder in 1981. (Complaint at 4.) Plaintiff states he became eligible for parole on July 14, 1998. (Id.) Plaintiff has had at least three parole suitability hearings, and on April 20, 2004, the Board made a proposed decision to find plaintiff suitable for release on parole. (Complaint at 5.) The Governor reversed the proposed decision on or about September 13, 2004. (Id.) Plaintiff's most recent hearing was on April 9, 2003.

Plaintiff seeks injunctive relief. Wilkinson v. Dotson, 544 U.S. 74 (2005).[1] Plaintiff also seeks an order enjoining defendants from "continued reliance in the future on an

---

[1] The Wilkinson Court held that prisoners' parole claims seeking a new parole hearing need not be brought in habeas corpus because the relief sought would not necessarily "invalidate the duration of their confinement--either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody." Id. at 79 (finding that the exception to § 1983 coverage for claims at the core of habeas corpus relief in Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) does not include procedural challenges where relief under § 1983 was left available by the Court's subsequent holding in Wolff v. McDonald, 418 U.S. 539, 554 (1974)).

unchanging factor, the circumstance of the offense and conduct prior to imprisonment." Biggs v. Terhune, 334 F.3d 910, 917 (9th Cir. 2003). It appears plaintiff seeks prospective injunctive relief.[2]

Plaintiff claims his due process rights have been violated by the defendants' continued reliance on unchanging factors, such as the circumstance of his offense and prior criminal conduct, rendering the present process arbitrary and contrary to the goals of rehabilitation. California's statute governing parole gives rise to a protected liberty interest in release on parole. Biggs v. Terhune, 334 F.3d 910, 914 (9th Cir.2003). Therefore, the plaintiff is entitled to the process outlined by the Supreme Court in Greenholtz v. Inmates of Nebraska Penal & Correctional Complex, 442 U.S. 1 (1979) – notice, an opportunity to be heard, a statement of reasons for the decision and a limited right to call and cross-examine witnesses. The determination that petitioner is unsuitable for parole must be supported by some evidence bearing some indicia of reliability. Biggs, 334 F.3d at 914.

These guarantees do not exhaust plaintiff's right to due process. The fundamental core of due process is protection against arbitrary action. Hurtado v. California, 110 U.S. 516, 527 (1884). "The touchstone of due process is protection of the individual against arbitrary action of government." Wolff v. McDonnell, 418 U.S. 539, 558 (1974). Many courts have recognized that the right to a disinterested decision maker who has not prejudged the case is a part of the fundamental guarantee against arbitrary and capricious government conduct in the California parole context. See, e.g., In re Rosenkrantz, 29 Cal.4th 616, 128 Cal.Rptr.2d 104 (2003) (stating that parole decision "must reflect an individualized consideration of the specified criteria and cannot be arbitrary and capricious.")

/////

---

[2] Plaintiff's petition for writ of habeas corpus challenging the subsequent rescission of his parole by the Governor is presently pending. Lewis v. Veal, CIV S-06-0481 MCE EFB P. A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

A review of plaintiff's complaint reveals that he has included a detailed general history of the Board. Plaintiff also makes several broad general statements concerning due process and the denial of parole. However, plaintiff's claims that the Board violated his right to due process are merely cursory. Plaintiff includes almost no information about his individual claim in his complaint. For instance, the complaint does not reveal what conclusions and factors the Governor or the Board relied on in subsequently rescinding the parole suitability finding. Plaintiff broadly states he has demonstrated evidence of rehabilitation, but he has not provided a list of factors which he presented to the Board which would have weighed in favor of finding him suitable for parole. Biggs, 334 F.3d at 914. For example, plaintiff does not allege that he has a stable social history, that he has discussed remorse for the crime or that he has realistic plans for the future. See, Cal.Code Regs. tit. 15 §§ 2402(d)(2) (stable social history tends to show suitability); § 2402(d)(3) (presence of remorse indicating by understanding of nature and magnitude of crime tends to show suitability); § 2402(d) (realistic plans for the future or development of marketable skill tends to show suitability). Based on the current complaint, the court is unable to determine if the requirements of due process were satisfied in plaintiff's denial of parole. McQuillion, 306 F.3d at 904 (stating that requirements of due process satisfied if some evidence supports the decision).[3] Accordingly, plaintiff will be given leave to amend his complaint.

If plaintiff chooses to amend his complaint, he must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir.1980). Also, the amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167

---

[3] Appending copies of the rescission decisions and hearing transcripts would be of assistance.

4

1  (9th Cir.1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.1978). Furthermore, vague and
2  conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v.
3  Board of Regents, 673 F.2d 266, 268 (9th Cir.1982). In addition, plaintiff is informed that the
4  court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.
5  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to
6  any prior pleading. This is because, as a general rule, an amended complaint supersedes the
7  original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir.1967). Once plaintiff files an
8  amended complaint, the original pleading no longer serves any function in the case. Therefore,
9  in an amended complaint, as in an original complaint, each claim and the involvement of each
10 defendant must be sufficiently alleged.

11         Finally, the court notes that plaintiff has brought his complaint as a 42 U.S.C.
12 § 1983 civil rights action seeking injunctive relief. Plaintiff is correct that he may elect to
13 proceed under § 1983, instead of bringing a properly exhausted habeas petition. Wilkinson, 544
14 U.S. at 79. However, the relief allowed under § 1983 is different than the relief offered by a
15 successful habeas petition. Success in a § 1983 action will allow a court to order a new parole
16 hearing for petitioner which is free from prejudice stemming from a gubernatorial policy against
17 parole for murderers. If a fair hearing is once again denied, the court may only order yet another
18 hearing. This court could not order release on parole. However, in a habeas action, the court has
19 latitude to grant far greater relief. Biggs, 334 F.3d at 916-17. If the court found that there not
20 some evidence to support the Board's determination of unsuitability, the court could grant the
21 habeas petition and order petitioner released on parole.

22         In accordance with the above, IT IS HEREBY ORDERED that:
23         1. Plaintiff's complaint is dismissed.
24         2. Plaintiff is granted thirty days from the date of service of this order to file an
25 amended complaint that complies with the requirements of the Civil Rights Act, the Federal
26 Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the

docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

DATED: April 12, 2007.

_____
UNITED STATES MAGISTRATE JUDGE

/001; lewi0831.14